

**FILED**
**Oct 28, 2019**
**02:50 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Braxton Smith | ) Docket No.   2019-03-0016 |
| | ) |
| v. | ) State File No. 30371-2018 |
| | ) |
| Galloway Construction, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Pamela B. Johnson, Judge | ) |

---

### Affirmed and Remanded

---

The employee, a lineman, was injured when a pole fell from a trailer and struck him on the back, causing him to fall and hit his head.  The employer provided medical treatment for the employee's back injury but denied that his complaints of headaches were causally related to the work accident.  The trial court found the employee was entitled to a panel of neurologists for evaluation and treatment of his headaches.  The employer has appealed.  We affirm the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Christopher R. Brooks and Kristi M. Pickens, Knoxville, Tennessee, for the employer-appellant, Galloway Construction, LLC

Ameesh Kherani, Knoxville, Tennessee, for the employee-appellee, Braxton Smith

### Factual and Procedural Background

Braxton Smith ("Employee") was working for Galloway Construction, LLC ("Employer"), loading telephone poles onto a trailer when one of the poles fell from the trailer and struck Employee in the back on April 25, 2018.  As a result, Employee was knocked into the truck to which the trailer was attached and hit his head.  He sought treatment at Cumberland Medical Center's emergency room where he complained of low back pain and headaches.  X-rays of his back did not reveal any fractures, and a CT scan of his head was normal.  Employee was diagnosed with contusions to his back and head.

Employee continued to complain of back pain as a result of the accident, and Employer provided authorized medical treatment, first at Morgan County Medical Center and then with Dr. Paul Johnson. Dr. Johnson first saw Employee on May 17, 2018, and recommended conservative care for Employee's back complaints. When Employee's back complaints did not resolve over the course of several months, Dr. Johnson performed surgery. Employee saw Dr. Johnson for post-surgical follow up in October and November 2018.

On December 21, 2018, Employee saw Dr. Johnson and complained of headaches. Dr. Johnson noted that Employee "states that he has been having headaches all along since the time of his injury." Dr. Johnson stated that the headaches were not related to the back injury and, as such, were outside the scope of his practice. He concluded that if Employee "in fact relates this to his job-related injury, I feel it is [the] compensation carrier's responsibility to refer him to see someone." Dr. Johnson placed Employee at maximum medical improvement with respect to his back injury on February 1, 2019.

At some point, Employer sought a records review from a Dr. Robert Greenberg. Dr. Greenberg is not further identified, and any report he may have provided is not in the record. However, Employer referenced Dr. Greenberg's opinion in a written inquiry it sent to Dr. Johnson regarding the cause of Employee's headaches. The questionnaire asked whether Dr. Johnson agreed with Dr. Greenberg's opinion that Employee's headaches were less than 50% causally related to the work accident, and Dr. Johnson answered in the affirmative.

Employee sought an evaluation with Dr. Choudhury Salekin, who opined that Employee had "[p]ost-traumatic headache as a complication of closed head injury sustained during the incident at work on 4-25-18." Dr. Salekin also completed a Standard Form Medical Report ("Form C-32") that likewise indicated Employee's headaches were causally related to the work accident.

Employer obtained a second records review from Dr. David Hauge, who opined that Employee's headaches were not causally related to his work accident. Dr. Hauge noted that, while there was a complaint of headaches on the day of the accident, there were no further complaints until December 2018. He stated that "in [his] medical judgment and in the absence of any contradictory history the patient's onset of headache in [sic] December 21, 2018 would not be post[-]traumatic headache and would not be referable to the April 25, 2018 work accident."

Following the issuance of a dispute certification notice, Employee filed a request for an expedited hearing that identified Dr. Salekin as a witness "[v]ia C-32." Employee's request for a hearing was accompanied by his affidavit but did not include any medical records or the Form C-32. Employee requested that the trial judge issue a decision on the record instead of convening an evidentiary hearing.

2

Employer filed an objection to the use of Dr. Salekin's C-32 in lieu of a deposition as provided in Tennessee Code Annotated section 50-6-235(c)(2) and advised of its intent to schedule his deposition. Employer also objected to Employee's request for a decision on the record and requested an evidentiary hearing. In support of its objection, Employer asserted that Dr. Johnson had expressed the opinion that Employee's complaints of headaches were "less than 50% causally related" to the work accident and attached Dr. Johnson's records as an exhibit to its response. In addition, Employer's response noted that Dr. Salekin had evaluated Employee and that Employee had "implied that he intends to enter Dr. Salekin's medical findings as proof via C-32." The response noted Employer's objection to the use of Dr. Salekin's C-32, stating that Employer planned to depose Dr. Salekin.

Although the record on appeal does not include an order addressing Employee's request for a decision on the record, it is apparent the trial court denied the request, as it scheduled an evidentiary hearing. Approximately one month after Employer filed its response to Employee's request for a decision on the record, Employer filed its pre-hearing brief and witness and exhibit lists. Employer submitted numerous exhibits, including medical records of Employee's treatment, as well as Dr. Salekin's report and Form C-32. Employer's list of exhibits included "[a]ny and all documents and pleadings filed . . . along with attachments or exhibits to those documents and pleadings." It also included "any and all medical records or evaluations regarding the Employee." Employee did not file a pre-hearing brief or a list of exhibits.

At the expedited hearing, Employee testified that Dr. Johnson's records were silent with respect to complaints of headaches because Employee knew Dr. Johnson was only treating his back complaints. He stated that his headaches had been consistently present since the accident, but that he saw no reason to discuss them with a physician who would not address them.

The trial court found Employee had presented sufficient evidence to establish he would likely prevail at trial in proving he was entitled to a panel of physicians for his headaches. In reaching that conclusion, the court admitted Dr. Salekin's C-32 over Employer's objection and gave Dr. Salekin's opinion greater weight than that of Dr. Hauge based on the fact that Dr. Salekin actually examined Employee. The court also relied on Employee's lay testimony, which the court found credible. The court gave no weight to Dr. Johnson's responses to Employer's questionnaire in light of his statements that evaluation and treatment of headaches were beyond the scope of his expertise. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise.

3

*See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

## Analysis

### A.

Employer first asserts that the trial court erred in admitting Dr. Salekin's C-32 into evidence. Employer argues that Employee gave inadequate notice of his intent to use the C-32 as required by Tennessee Code Annotated section 50-6-235(c)(2), that the C-32 was deficient because it failed to include all the information required by section 50-6-235(c)(1), and that the court failed to make findings establishing good cause for excusing Employee's failure to file medical records prior to the hearing.

Tennessee Code Annotated section 50-6-235(c)(1) states that "[a]ny party may introduce direct testimony from a physician through a written medical report on a form established by the administrator. . . . Any written medical report sought to be introduced into evidence shall include within the body of the report or as an attachment a statement of the qualifications of the person making the report." Furthermore, the report "shall be admissible at any stage of a workers' compensation claim in lieu of a deposition upon oral examination, if notice of intent to use the sworn statement is provided to the opposing party or counsel not less than twenty (20) days before the date of intended use." Tenn. Code Ann. § 50-6-235(c)(2) (2018).

With respect to Employer's argument that it did not receive adequate notice of Employee's intent to use Dr. Salekin's C-32, the court found that Employee's indication on his request for expedited hearing that Dr. Salekin would appear "via C-32" was sufficient to put Employer on notice that Employee intended to rely on the document. We agree.

4

Also without merit is Employer's argument that the C-32 is deficient and therefore inadmissible. Because Employee failed to file any medical records in the trial court, including Dr. Salekin's C-32, Employer made the decision to file the records of Employee's treatment, as well as Dr. Salekin's C-32, noting in its brief on appeal that "Employer did not file Dr. Salekin's *curriculum vitae*." However, we conclude Employer cannot now complain that the document should have been excluded for its deficiencies when those deficiencies were the result of Employer's determination of which records to file and its indication that it would rely on "[a]ny and all documents and pleadings filed . . . along with attachments or exhibits to those documents and pleadings." Moreover, other than asserting that it did not receive adequate notice of Employee's intent to use Dr. Salekin's Form C-32 at the expedited hearing, Employer did not raise any issue in the trial court concerning whether the Form C-32 met the statutory requirements. Such issues are therefore waived.

Employer also takes issue with Employee's failure to file any medical records with the trial court in support of his request for benefits, as well as the trial court's lack of findings establishing good cause for Employee's failure to file any records. The trial court cautioned Employee that not submitting medical records or other documentation to support a request for benefits was not good practice, and we agree.[1] While it is true that Employee failed to file any documentation other than his own affidavit to support his claim, Employer elected to file Employee's medical records.[2] Thus, the record contains Employee's treatment records and Dr. Salekin's report and C-32, and these records provide an adequate basis for the trial court's decision.

In short, there is no dispute that Employer objected to the admission of Dr. Salekin's C-32 (which it filed) and notified the court and Employee of its intent to depose Dr. Salekin. Moreover, we recognize Employer's argument that, between the time it became aware of Employee's intent to rely on Dr. Salekin's C-32 and the expedited hearing, it was not feasible to schedule Dr. Salekin's deposition. However, Employer did not seek a continuance to be allowed the opportunity to depose Dr. Salekin. Rather, Employer filed the C-32 and Employee's medical records and proceeded with the expedited hearing. Issues regarding the admissibility of expert testimony are left to the discretion of the trial court and will not be overturned unless the trial court abused its discretion. *Bogle v. Nighthawk Radiology Servs., LLC*, No. M2014-01933-COA-R3-CV, 2016 Tenn. App. LEXIS 244, at \*20 (Tenn. Ct. App. Apr. 6, 2016). We find no abuse of discretion under the circumstances presented.

---

[1] We also note that Employee has failed to file a brief on appeal as required by Tenn. Comp. R. & Regs. 0800-02-22-.02(2) (2018).

[2] Even assuming the trial court had excluded the Form C-32, Dr. Salekin's April 28, 2019 report was admissible for purposes of the expedited hearing pursuant to Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (2018). In that report, Dr. Salekin opined that Employee suffered from "post-traumatic headaches as a complication of closed head injury sustained during the incident at work on 4-25-18."

5

**B.**

Employer's remaining issues may be restated as whether the trial court erred in finding Employee will likely prevail at trial in establishing his entitlement to a panel of neurologists. Employer asserts that the trial court erred in its evaluation of the medical proof because it failed to conduct a thorough analysis of the factors set out in *Bass v. The Home Depot U.S.A., Inc.*, No. 2016-06-1038, 2017 TN Wrk. Comp. App. Bd. LEXIS 36 (Tenn. Workers' Comp. App. Bd. May 26, 2017). In that case, we stated that when faced with contradictory expert medical opinions, "the trial judge must obviously choose which view to believe. In doing so, [the trial judge] is allowed, among other things, to consider the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts." *Id.* at *9 (citing *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991)). Because the trial court did not set out a detailed analysis of each of these factors, Employer argues the court abused its discretion in determining which medical expert's opinion to accept. We disagree.

While the factors identified by the Supreme Court in *Orman* and adopted by us in *Bass* are relevant factors to consider, a trial court need not engage in a detailed analysis of each factor prior to reaching its decision. Here, the court gave little weight to Dr. Johnson's opinion based on his previously expressed lack of qualifications with respect to evaluating and treating headaches. The court then considered the opinions of Dr. Hauge and Dr. Salekin and concluded that, viewed in the context of Employee's testimony, which the court found credible, Dr. Salekin's opinion was the more persuasive. We conclude the trial court did not abuse its discretion.

Employer also points out that, to the extent Dr. Johnson's recommendation that Employee "see someone" is a referral, it is vague and does not identify the specialty of the physician Employee should see. Employer asserts that, in ordering it to provide a panel of neurologists, the trial court inappropriately exercised medical judgment. However, Employer does not assert that another specialty is more appropriate or that neurology is in some way inappropriate. We conclude that the evidence does not preponderate against the trial court's conclusion that Employee is likely to prevail at a hearing on the merits in establishing his entitlement to a panel of neurologists.

**Conclusion**

For the foregoing reasons, we affirm the trial court's decision and remand the case. Costs on appeal are taxed to Employer.

6



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Braxton Smith | ) | Docket No. 2019-03-0016 |
| | ) | |
| v. | ) | State File No. 30371-2018 |
| | ) | |
| Galloway Construction, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Pamela B. Johnson, Judge | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 28th day of October, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Ameesh Kherani<br>Sherry Baxter | | | | X | akherani@kheranilaw.com<br>akherani@davidhdunaway.com<br>sbaxter@davidhdunaway.com |
| Christopher R. Brooks<br>Kristi M. Pickens | | | | X | crbrooks@mijs.com<br>kmpickens@mijs.com |
| Pamela B. Johnson, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov